IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MAREK MATTHEWS** | § § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | CIVIL ACTION NO._____ |
| **TIDEWATER CREWING, LTD.** | § § § § | |
| **Defendant** | § § | |

**TIDEWATER INC.'S NOTICE OF REMOVAL**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

COMES NOW, Tidewater, Inc. ("Tidewater" or "Defendant"), and without waiving any of its defenses, timely removes this civil state court action brought by Marek Matthews ("Matthews"), Casilda Solomon Flores ("Flores")[1], and Leslie Antoney Bodden Elwin ("Bodden") (collectively, "Plaintiffs") to the United States District Court for the Eastern District of Louisiana, Pursuant to 28 U.S.C. §1332, §1441, and § 1452. This civil action is pending in the Civil District Court for the Parish of Orleans as Docket No. 2021-01561; *Marek Matthews v. Tidewater Crewing, Ltd* (The "State Court Action").

**I.     INTRODUCTION**

1.     Plaintiffs allege that Matthews, Bodden, and the Decedent Flores were seamen injured in the course of their employment with "Tidewater" while serving aboard vessels in

---

[1] Flores, the widow of Captain Jesus Vidal Flores ("Decedent Flores"), is suing individually and on behalf of Decedent Flores's children.

territorial waters of Egypt.[2] Plaintiffs seek recovery under the Jones Act,[3] the general maritime doctrine of unseaworthiness, and the doctrine of maintenance and cure.

2. This case is removable through diversity jurisdiction as complete diversity exists between the parties and the amount in controversy satisfies the requirements of 28 U.S.C. § 1332(a). While Jones Act cases are not ordinarily removable, Plaintiffs Matthews and Bodden and Decedent Flores are not seaman as a matter of law, and the statutory prohibition against removal under the Jones Act does not prohibit the removal of this case. Accordingly, removal to the United States District Court for the Eastern District of Louisiana, New Orleans Division, is proper because:

   a. Plaintiff Matthews is a citizen and/or permanent resident of the State of Florida;

   b. Plaintiff Flores and Plaintiff Bodden are citizens of Honduras;

   c. Defendant Tidewater Inc. is a Delaware corporation with its principal place of business at 6002 Rogerdale Rd, Ste 600, Houston, Texas 77072;

   d. Defendant Tidewater Crewing, Ltd. is a citizen of the Cayman Islands;

   e. Defendant Tidewater Marine International, Inc. is a Cayman Islands corporation with its principal place of business in Georgetown, Grand Cayman, Cayman Islands;

   f. Defendant Tidewater Marine LLC is a Delaware limited liability company as its sole member is Tidewater Inc.;

   g. The District Court of the United States has original subject matter jurisdiction (diversity) of this action because (a) this is a civil action between citizens of different states; and (b) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs;

   h. This Notice of Removal is filed within thirty days after the date on which Plaintiff served Tidewater Inc. with its Amended and Supplement Petition for Damages, which asserted claims against Tidewater Inc. in an amount in controversy exceeding $75,000, exclusive of interests and costs; and

---

[2] Plaintiffs sue four separate Tidewater entities, but do not distinguish which Tidewater entity employed Plaintiffs.
[3] *See* 46 U.S.C. § 30104.

      i. The United States District Court for the Eastern District of Louisiana, New Orleans Division, is the District Court of the United States for the District and Division embracing the place where the Civil State Court Action was filed.

3. This case is also removable because Plaintiffs' claims against Tidewater Inc. were discharged in bankruptcy. Specifically, in May 2017, Tidewater, Inc. filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Delaware. On July 17, 2017, the Court confirmed (the "Confirmation Order")[4] the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization (the "Plan of Reorganization"), and on December 27, 2017, the Court entered a Final Decree closing Tidewater, Inc.'s bankruptcy case. Tidewater, Inc. is fully entitled to the discharge injunction arising under the Plan of Reorganization as to all claims asserted by Plaintiffs against Tidewater, Inc.

4. The Confirmation Order contains the following injunctive relief related to claims against the debtor (i.e., Tidewater, Inc.):

> Upon the Effective Date and in consideration of the distributions to be made under the Plan, except as otherwise expressly provided in the Plan or this Order, each holder (as well as any representatives, trustees, or agents on behalf of each holder) of a Claim or Interest and any affiliate of such holder shall be deemed to have forever waived, released, and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Interests, Causes of Action, rights, and liabilities that arose prior to the Effective Date. Upon the Effective Date, all such Entities shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any such discharged Claim against or terminated Interest in the Debtors against any of the Debtors, Reorganized Debtors, or any of its or their assets or property, whether or not such holder has filed a proof of claim and whether or not the facts or legal bases therefor were known or existed prior to the Effective Date.

The Plan of Reorganization defines "Claim" as:

> Claim means, as against any Debtor, (i) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (ii) a right to an equitable

---

[4] *See* **Exhibit A**, Confirmation Order.

3

```
remedy for breach of performance if such breach gives rise to a
right to payment, whether or not such right to an equitable remedy
is reduced to judgment, fixed, contingent, matured, unmatured,
disputed, undisputed, secured or unsecured.
```

The definition of "Claim" comes directly from the Bankruptcy Code.[5]

5. Any potential liability of Tidewater, Inc. for Plaintiffs' pre-petition claims relating to the alleged injuries, if proved, would arise solely from the terms of orders of the Bankruptcy Court, which approved Tidewater, Inc.'s reorganization plan and the discharge of certain liabilities, including claims such as those brought by Plaintiffs. Accordingly, because the interpretation and enforcement of the Bankruptcy Court's orders are at issue, this civil proceeding arises under title 11 — the United States Bankruptcy Code — or arises in or relates to a case under title 11. This Court, therefore, has original jurisdiction over the case under 28 U.S.C. § 1334(b), and Plaintiffs' lawsuit pending in the civil district court for Orleans Parish is removeable to this Court under 28 U.S.C. § 1452(a).

6. There is no legitimate impediment to removal, this action can be removed pursuant to 28 U.S.C. § 1441(a).

## II. ARGUMENTS AND AUTHORITIES

### A. Plaintiffs Are Not Jones Act Seamen.

7. However, a Jones Act case may be removed when the allegations are made in an effort to frustrate federal jurisdiction.[6] In this situation, the removing defendant must pierce the pleadings to show that the Jones Act case was improperly pleaded and that there is no possibility

---

[5] 11 U.S.C. § 101(5).
[6] *Holmes v. Atl. Sounding Co.*, 437 F.3d 441, 445 (5th Cir. 2006); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995); *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993).

the plaintiff can establish the cause of action.[7] The court may deny remand when the plaintiff has no chance of establishing a Jones Act claim.[8]

8. Under the undisputed facts of this case, Plaintiffs are statutorily barred from asserting any claim for maintenance and cure or arising from personal injury under any maritime law of the United States because all, or a majority, of the relevant factors disfavor application of United States law.

9. Additionally, 46 U.S.C. § 30105 provides that "a civil action for maintenance and cure or for damages for personal injury or death may not be brought under the maritime law of the United States if: (1) the individual suffering the injury or death was not a citizen or permanent resident alien of the United States at the time of the incident giving rise to the action; (2) the incident occurred in the territorial waters or waters overlaying the continental shelf of a country other than the United States; and (3) the individual suffering the injury or death was employed at the time of the incident by a person engaged in the exploration, development, or production of offshore mineral or energy resources, including drilling, mapping, surveying, diving, pipelaying, maintaining, repairing, constructing, or transporting supplies, equipment, or personnel, but not including transporting those resources by a vessel constructed or adapted primarily to carry oil in bulk in the cargo spaces."[9]

10. Based on the allegations in the pleadings, Section 30105 bars not only Plaintiffs' claims under the Jones Act, but also any claim brought pursuant to the general maritime law of the United States.[10] At all relevant times, Plaintiffs and Decedent were neither citizens nor permanent

---

[7] *Lackey*, 990 F.2d at 207.
[8] *Holmes*, 437 F.3d at 445; *Hufnagel v. Omega Serv. Indus., Inc.*, 182 F.3d 340, 345-346 (5th Cir. 1999).
[9] 46 U.S.C. § 30105(b) (West 2011) (formerly cited as 46 App. USCA § 688).
[10] *Jackson v. North Bank Towing Corp.*, 213 F.3d 885, 888 (5th Cir. 2000); *De La Cruz v. Gulf Coast Marine & Assoc., Inc.*, 2010 WL 3766562, at * 2 (E.D. La. Sept. 20, 2010).

resident aliens of the United States.[11] Further, Plaintiffs assert that Matthews, Bodden, and Decedent Flores were working on vessels located in Egyptian waters at the time of their alleged injuries.[12] Likewise, Plaintiffs assert that Matthews, Bodden, and Decedent Flores were injured in the course and scope of their employment , while working on vessels servicing oil wells in the Red Sea.[13] Therefore, this matter satisfies all three elements of 46 U.S.C. § 30105(b), and Plaintiffs are barred from asserting any claims under the Jones Act, General Maritime Law, or other maritime law of the United States.[14] Additionally, courts in this circuit have held that Honduras, the Plaintiffs' and Decedent's country of origin, provides an adequate forum for Plaintiffs' claims.[15] Further, this Court has similarly found that Egypt, the site of the alleged exposure, is an adequate forum for claims of injured seamen.[16]

**B.  Diversity of citizenship permits removal.**

11. District courts of the United States are conferred original jurisdiction over any civil matter between citizens of a state and citizens or subjects of a foreign state involving an amount in controversy that exceeds $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. §

---

[11] Upon information and belief, Matthews did not attain permanent resident alien status until February 14, 2007.  At all times relevant to the injuries alleged, Matthews was neither a U.S. citizen nor a permanent resident alien.

[12] *See* Plaintiffs' Amended and Supplemental Petition for Damages, p. 3, § 16.

[13] *Id.*

[14] *De La Cruz*, 2010 WL 3766562, at * 2.

[15] *See, e.g., Stalinski v. Bakoczy*, 41 F.Supp.2d 755, 762 (S.D. Ohio 1998), *citing Timberlane Lumber Co. v. Bank of Am. Nat'l Trust & Savings Ass'n.*, 749 F.2d 1378, 1386 (9th Cir.1984) (dismissing abuse of process and malicious prosecution claims in favor of a Honduran forum); *Rodriguez v. Shell Oil Co.*, 950 F.Supp. 187 (S.D. Tex. 1996) (dismissing tort claims in favor of a Honduran forum); *Delgado v. Shell Oil Co.*, 890 F.Supp. 1324, 1361 (S.D. Tex. 1995) (holding that parties would not be treated unfairly by the courts of Honduras); *and see Martinez v. Marlow Trading, S.A.*, 894 So.2d 1222, 1226 (La. Ct. App. 4 Cir. Feb. 2, 2005) (holding that the courts of Honduras would provide a Honduran injured seaman an adequate form for adjudication of his claims).

[16] *See, e.g., Miralda v. Tidewater, Inc.*, No. CIV.A. 11-1170, 2012 WL 3637845, at *5 (E.D. La. Aug. 23, 2012) ("…the Court finds Egypt is both an available and adequate forum…").
*Rivera v. Hewlett Packard Corp.*, 95 Fed Appx. 241 (9th Cir. 2004), *Jackson v. American University in Cairo*, 52 Fed. Appx. 518 (D.C. Cir. 2002); *see also De La Cruz*, 2010 WL 3766562, at * 2 (The burden to prove that an adequate remedy does not exist lies with the plaintiff.).

1332(a). Any civil action brought in a state court of which the district courts of the United States have original jurisdiction may be removed by the defendant to a district court of the United States for the district and division where the state action is pending.[17]

12. For purposes of assessing diversity of citizenship, a corporate entity is deemed to be a citizen of both the foreign state in which it is incorporated as well as the location where it maintains its principal place of business.[18]

13. Diversity jurisdiction depends upon a showing of complete diversity, which means that no plaintiff may be a citizen of the same state or foreign state as one of the defendants.[19] The jurisdictional facts must be judged as of the time the complaint is filed.[20]

14. At the time of filing this suit, Matthews is a resident alien domiciled in Florida.

15. Flores is a citizen and resident of Honduras.

16. Bodden is a citizen and resident of Honduras.

17. Tidewater, Inc. is a Delaware corporation with its principal place of business in Texas.[21]

18. Tidewater Crewing, Ltd. is a foreign business entity organized under the laws of the Cayman Islands with its principal place of business in the Cayman Islands.[22] Tidewater Crewing, Ltd. is wholly owned by Tidewater Marine International, Inc.

19. Tidewater Marine International, Inc. is a Cayman Islands corporation with its principal place of business in Georgetown, Grand Cayman, Cayman Islands.[23]

---

[17] *See* 28 U.S.C. § 1441(a).
[18] *See* 28 U.S.C. § 1332(c)(1); *Mullins v. Test America, Inc.*, 564 F.3d 386, 397 n.6 (5th Cir. 2009).
[19] *See Whalen v. Carter*, 954 F.2d 1087, 1974 (5th Cir. 1992); *Mas v. Perry*, 489 F.2d 1396, 1398-1399 (5th Cir. 1974).
[20] *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).
[21] *See* Exhibit B, Louisiana Secretary of State citizenship information for Tidewater, Inc.
[22] *See* Exhibit C, Louisiana Secretary of State citizenship information for Tidewater Crewing, Ltd.
[23] Plaintiffs fail to plead appropriate facts regarding the citizenship of Tidewater Marine International, Inc.

20. Tidewater Marine LLC is a Delaware limited liability company for purposes of determining diversity jurisdiction as its sole member is Tidewater, Inc.[24]

21. As a result, there is complete diversity among the parties and removal is appropriate pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1441. Plaintiffs state in their Amended and Supplemental Petition for Damages that they seek monetary relief over $14,000,000.00.[25] Thus, the amount-in-controversy requirement is satisfied.

## C. Federal jurisdiction exists because this case arises under and relates to a bankruptcy case.

22. Federal district courts have original jurisdiction over "all civil proceedings arising **under** title 11 or arising in or related to cases under title 11."[26] Wherever federal jurisdiction exists under Section 1334, a "party may remove any claim or cause of action . . . to the district court where such civil action is pending."[27]

23. Under Section 1334, proceedings "arising under" title 11 involve causes of action "created or determined by a statutory provision of title 11."[28] Similarly, proceedings "arising in" bankruptcy cases are proceedings that "would have no existence outside of the bankruptcy."[29] **Proceedings** that "arise under title 11 or "arise in" a bankruptcy case are also known as "core proceedings."[30]

---

in their Amended and Supplemental Petition.

[24] The citizenship of a limited liability company for diversity purposes is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).
[25] *See* Plaintiffs' Amended and Supplemental Petition for Damages, p. 11, § 67.
[26] 28 U.S.C. § 1334(b); *Wellness Wireless, Inc. v. Infopia Am., LLC*, 606 F. App'x 737, 739 (5th Cir. 2015).
[27] 28 U.S.C. § 1452(a).
[28] *In re Wood*, 825 F.2d 90, 96 (5th Cir. 1987) (citation omitted).
[29] *Id.* at 97.
[30] *Stern v. Marshall*, 564 U.S. 462, 476 (2011); *see also In re Wood*, 825 F.2d at 97.

24.     **A proceeding is said to more broadly "relate to" a bankruptcy proceeding under** Section 1334 when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."[31]

25.     For the reasons that follow, federal jurisdiction exists because this case arises under and relates to the bankruptcy case of *In re Tidewater Inc., et. al, 17-11132-BLS,* in the United States Bankruptcy Court District of Delaware ("Bankruptcy Case").

### i. This Court has jurisdiction under 28 U.S.C. § 1334(b) because the present action "arises under" title 11 or "arises in" a bankruptcy case.

26.     As noted, the district courts have "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."[32] Cases that involve the interpretation of a bankruptcy order arise under title 11 and are considered core proceedings.[33]

27.     Relatedly, bankruptcy courts themselves have the power and jurisdiction to interpret and enforce their own orders.[34] This is true even if the underlying bankruptcy case has

---

[31] *In re Galaz* 665 F. App'x. 372, 375 (5th Cir. 2016) (citations omitted).
[32] 28 U.S.C. § 1334(b).
[33] *In re Martinez* No. 00-40412, 2000 WL 34508398, at "1 (5th Cir. Oct. 5, 2000); see also *In re Allegheny Health, Educ. and Research Found.*, 383 F.3d 169, 175-76 (3rd Cir. 2004) (upholding determination "that the suit was a core proceeding because it required the court to interpret and give effect to its previous sale orders"); *In re Millennium Sea Carriers, Inc.*, 458 F.3d 92, 95 (2nd Cir. 2006) (holding that a request for the bankruptcy court to enforce a sale order constitutes a core proceeding); *see also In re Karykeion, Inc.*, No. 12-1363, 2013 WL 1890626, at *3 (B.A.P. 9th Cir. May 6, 2013) (holding that "as this adversary proceeding turned on the interpretation of agreements approved by and incorporated into a [bankruptcy] sale order, it was a core matter").
[34] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009); *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("Simply put, bankruptcy courts must retain jurisdiction to construe their own orders if they are to be capable of monitoring whether those orders are ultimately executed in the intended manner.").

closed.[35]  On July 17, 2017, the Bankruptcy Court issued an order which enjoins claims such as those brought by Plaintiffs.[36]

28.  In this case, "the Bankruptcy Court expressly retained jurisdiction over the matters set forth in the Plan or Reorganization."[37]  However, before a bankruptcy court can assume jurisdiction over a state-law action as described above, the action must first be removed to the federal district court encompassing the state court venue pursuant to § 1334(b).[38]

29.  As noted above, pursuant to the Confirmation Order, Tidewater, Inc. was discharged of all claims, whether founded or unfounded, asserted in Plaintiffs' Amended and Supplemental Petition for Damages because the claims arose prior to the Effective Date of the Plan of Reorganization.[39]  Likewise, pursuant to the Bankruptcy Court's issuance of the Confirmation Order, no basis would exist for any claim to be asserted post-bankruptcy against Tidewater, Inc. for any liabilities incurred prior to the effective date of the Reorganization Plan.  Given that all of Plaintiffs' alleged claims against Tidewater, Inc. accrued during their respective periods of employment, which ended prior to July 17, 2017, such claims were discharged by the Bankruptcy Court pursuant to the Confirmation Order.[40]  Accordingly, any claims Plaintiffs assert against Tidewater, Inc. for the alleged actions of the bankrupt debtor necessarily implicate and require judicial interpretation of the Confirmation Order entered in the Bankruptcy Case.

---

[35] *In re Williams*, 256 B.R. 885, 892 (8th Cir. 2001) ("It is also well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders.").
[36] *See* Confirmation Order of July 17, 2017, Ex. A., at ¶¶ 37-38.
[37] *See id.* at ¶50.
[38] See 28 U.S.C. § 157(a) ("Each district court may provide that any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district.").
[39] *See* Ex, A, at ¶¶ 37-38.
[40] *See* Plaintiffs' Supplemental and Amended Petition, at ¶¶ 14, 43, and 47.

ii. **This Court also has jurisdiction because this action "relates to" a bankruptcy case.**

30. Federal district courts' "jurisdiction over proceedings 'related to' the bankruptcy case is quite broad."[41] Thus, even if this case were not held to directly "arise in" the bankruptcy proceedings, Section 1334(b) would still confer federal jurisdiction over this case as it inarguably "relates to" a bankruptcy case.

31. A case is "related to a bankruptcy proceeding if 'the outcome could conceivably have any effect on the estate being administered in bankruptcy.'"[42] Here, Plaintiffs seek to hold Tidewater, Inc. accountable for alleged actions of previously discharged entities. Therefore, a threshold question underlying all of Plaintiffs' claims against Tidewater, Inc. in this litigation is whether the Bankruptcy Court discharged the alleged specific liabilities that Plaintiffs assert. Regardless of the answer, the question itself requires the Court to construe the Bankruptcy Court's Confirmation Order. The Court's construction, in turn, will necessarily have an effect on the bankruptcy estate. Accordingly, this Court has jurisdiction because Plaintiffs' claims "relate to" the Bankruptcy Case.

### III. PROCEDURAL REQUIREMENTS

31. This case is removable under 28 U.S.C. § 1441(a) because there are no legitimate statutory impediments to removal, and because all of the claims stated in Plaintiffs' Amended and Supplemental Petition for Damages fall within the federal district court's original jurisdiction.

32. This Honorable Court occupies the district and division in which Plaintiffs' Amended and Supplemental Petition for Damages was filed.[43]

---

[41] *In re Greektown Holdings, LLC*, 728 F.3d 567, 577 (6th Cir. 2013) (*citing Celotex Corp. v. Edwards*, 514 U.S. 300, 307-08 (1995).
[42] *In re Galaz*, 665 F. App'x 372, 375 (5th Cir. 2016) (citations omitted).
[43] *See* 28 U.S.C. § 1446(a).

11

33. All Defendants who have been served consent to this removal. However, because this matter is being concurrently removed pursuant to 28 U.S.C. § 1452, consent of the other defendants is not required.[44]

34. A copy of the Confirmation Order in the bankruptcy case of *In re Tidewater Inc., et. al, 17-11132-BLS,* in the United States Bankruptcy Court District of Delaware, is attached as Exhibit A.

35. A copy of the citizenship information for Tidewater, Inc. is attached as Exhibit B.

36. A copy of the citizenship information for Tidewater Crewing, Ltd. is attached as Exhibit C.

37. Pursuant to 28 U.S.C. §1447(b) and L.R. 3.2, a list of all parties remaining in the action is attached as Exhibit D.

38. Pursuant to 28 U.S.C. §1447(b) and L.R. 3.2, copies of all pleadings, including answers, filed in state court are attached as Exhibit E.

39. Pursuant to 28 U.S.C. §1447(b) and L.R. 3.2, a copy of the returns of service filed in state court on Tidewater, Inc. and Tidewater Crewing Ltd. are attached as Exhibit F.

40. This notice of removal is timely because it is filed within 30 days of service on Tidewater Inc.. 28 U.S.C. § 1446(b)(2)(B)-(C).

41. Plaintiffs have not requested citations for service on Tidewater Marine International, Inc. or Tidewater Marine, LLC.

---

[44] Compare 28 U.S.C. § 1446(b)(2)(A) (requiring the consent of all defendants "when a civil action is removed solely under section 1441(a)") with 28 U.S.C. § 1452 (containing no such consent requirement); *see also Cal. Pub. Employ Ret. Sys. v. Worldcom, Inc*., 368 F.3d 86, 103 (2d Cir. 2004) ( "[R]emoval under that provision [28 U.S.C. § 1452], unlike removal under Section 1441(a), does not require the unanimous consent of the defendants."); *Townsquare Media. Inc. v. Brill*, 652 F.3d 767, 770 (7th Cir. 2011) (same); *Cal. Pub. Emps.' Ret. Sys. v. Wachovia Capital Mkts., LLC*, 2009 WL 414647, *2 n.1 (W.D. Pa. Feb. 18, 2009).

42. Tidewater is not currently aware of any other pending motions.

43. Pursuant to 28 U.S.C. § 1446(d), written notice will be given to Plaintiffs and will be promptly filed with the Civil District Court for the Parish of Orleans, State of Louisiana.

## CONCLUSION

44. For the stated reasons, Tidewater, Inc. notify this Court of the removal of this action from the Civil District Court for the Parish of Orleans to the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

*/s/ Michael T. Amy*
Joseph A. Devall (#29149)
Michael T. Amy (#35626)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
(504) 581-5141
jdevall@deutschkerrigan.com
mamy@deutschkerrigan.com

**AND**

**CLARK HILL PLC**

DAVID E. JAMES
LA Bar No. 27820
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T (409) 351.3800 │ F (409) 351.3883
djames@clarkhill.com

**ATTORNEYS FOR TIDEWATER, INC.**

*Of Counsel:*
**CLARK HILL PLC**

Bijan R. Siahatgar
bsiahatgar@clarkhill.com
Tx. Bar No. 18336200
Misha Paltiyevich
Tx. Bar No. 24095695
mpaltiyevich@clarkhill.com
909 Fannin, Suite 2300
Houston, Texas 77010

and

H. Scott Alexander
LA Bar No. 39080
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T (409) 351.3800 │ F (409) 351.3883
hsalexander@clarkhill.com

14