IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
CIVIL DIVISION

| | |
|---|---|
| MAREK MATTHEWS, ET AL., § | |
| Plaintiffs, § | |
| § | |
| § | Case No. 2:21-cv-01530-WBV-DMD |
| v. § | |
| § | |
| TIDEWATER CREWING LTD, ET AL., § | |
| Defendant. | |

**PLAINTIFF MAREK MATTHEWS' MEMORANDUM IN SUPPORT
OF HIS MOTION TO SEVER AND REMAND**

Plaintiff, Marek Matthews, hereby files this Memorandum in Support of his Motion to Sever and Remand and respectfully requests that the Court grant his Motion. In further support, Plaintiff states as follows:

I.   Introduction

On or about December of 1982 through December 14, 2016, Plaintiff was employed by Tidewater Crewing Ltd. as a seaman, and as a Captain for Defendants. It is alleged that he sustained insidious injuries to his kidneys and other parts of his body during the course and scope of his employment due to exposure to toxic and harmful chemicals.

Plaintiff filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, asserting claims under the Jones Act and General Maritime Law. At all times relevant, Plaintiff Marek Matthews was a resident alien domiciled in Miami, Florida.[1] Defendant Tidewater Crewing Ltd. is a foreign corporation doing business in the State of Louisiana, and which at all materials times maintained a principal place of business in Orleans Parish, New Orleans, Louisiana.

---

[1] Defendants concede that Marek Matthews was a resident alien living in Florida since at least February 14, 2007.

Page 1 of 6

    II.      Standard for Removal

The removal statute is strictly construed because it "raises significant federalism concerns." *Tureaud v. Kephart,* 2010 WL 1254372 (E.D. La. 2010) citing *Guiterrez v. Flores,* 543 F.3d 248 (5th Circ. 2008). Limiting removal to cases where removal is clearly allowed by statute "is consistent with the trend to limit removal jurisdiction and with the axiom that the removal statutes are to be strictly construed against removal." *Brown v. Demco, Inc.* 792 F.2d 478 (5th Cir. 1986). Furthermore, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* "The removing party bears the burden of establishing that federal jurisdiction exists" at the time of removal. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995); *see also Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("[T]he jurisdictional facts that support removal must be judged at the time of removal...."). A district court must act on a timely motion to remand based on a defect in removal procedure. 28 U.S.C. § 1447(c); *see also Butcher v. F.D.I.C.*, 981 F.2d 816, 819 (5th Cir. 1993).

    III.      Marek Matthews' Claim is Not Removable and Should be Severed and Remanded.

Plaintiff Matthews is a Jones Act seaman and Plaintiff's Petition for Damages includes claims under the Jones Act. The Jones Act, 46 U.S.C.A. § 30104 states:

> A seaman injured in the course of employment or, if the seaman dies from the injury, the personal representative of the seaman may elect to bring a civil action at law, with the right of trial by jury, against the employer. Laws of the United States regulating recovery for personal injury to, or death of, a railway employee apply to an action under this section.

Plaintiff Matthews was a resident alien at times when he was injured. The court must resolve all disputed facts and ambiguities in current substantive law in the plaintiff's favor, and the court can deny remand only if it determines that the plaintiff has no reasonable possibility of establishing a

Jones Act claim on the merits. *Perrier v. Shell Oil Co.,* 2014 WL 2155258 (*citing Hufnagel v. Omega Serv. Indus., Inc.,* 182 F.3d 340, 345-46 (1999)). But notably, Defendants concede that for at least the last nine years of his employment with Tidewater, Plaintiff Matthews was a resident alien. Plaintiff Matthews' Petition asserts claims of injury and for maintenance and cure during that period. A resident alien is entitled to Jones Act protection. 46 U.S.C.A. § 30105(b).

The Jones Act incorporates provisions of the Federal Employers Liability Act, 28 U.S.C.A § 1445(a) which states, "A civil action in any State Court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States." This Court has previously held in *Aarons* that "the presence of Jones Act claims precludes removal pursuant to section 1441(c)." *Aarons v. Phillips 66 Co.* No. 14–601, 2015 WL 575358 (E.D.La. Feb. 11, 2015) (Brown, J.).

As found in *Romero v. International Terminal Operating Co.,* 358 U.S. 354 (1959), Jones Act cases are not removable absent an independent basis for jurisdiction in the federal courts. In the case at issue, there is no independent basis for federal jurisdiction. The well-pleaded complaint rule states that the plaintiff's properly pleaded complaint dictates jurisdictional determinations. The Petition for Damages filed in state court did not contain any federal question on its face. 28 U.S.C.A § 1331. Therefore, this court does not have federal question original jurisdiction and this cannot be a basis for removal.

Pursuant to 28 U.S.C. § 1441(c), this Court should sever Plaintiff Matthews' claims and remand them to state court. See 28 U.S.C. § 1441(c)(B)(2) ("the district court shall sever from the action" nonremovable claims and remand them). Consistent with this Court's previous rulings, all of Plaintiff Matthews' claims should be severed from the claims of the other plaintiffs and

remanded with Plaintiff Matthews' Jones Act claim. *Doyle v. Tidewater Inc*., 147 F.Supp.3d 485 (2015); *Aarons v. Phillips 66 Co.* No. 14–601, 2015 WL 575358 (E.D.La. Feb. 11, 2015) (Brown, J.).

      IV.    <u>One Defendant's Bankruptcy Does Not Form a Basis for Removal of Marek Matthews' Claims.</u>

This Court and others have consistently rejected attempts to remove cases with Jones Act claims simply based on a Defendant's bankruptcy. In *McElveen*, this Court thoroughly analyzed the issue of the interplay between the Jones Act non-removal and attempts to remove based on bankruptcy. *McElveen v. Waterman Steamship Corp*, 2017 WL 4785005 (E.D. La. 2017). In that case, the Court determined that the Jones Act dictates remand to state court in cases such as this one, irrespective of a defendant's bankruptcy referencing the overwhelming supporting precedent for that conclusion. *Id*. citing *McCrae v. Lykes Brothers Steamship Co.* No. 98-3240, 1998 WL 898467, at *1 (E.D. La. 1998); *Quadri v. Lykes Brothers Steamship Co.*, No. 98-3239, 1999 WL 5672, at *2 (E.D. La. 1999); *Aiken v. The United Kingdom Mutual Steamship Assurance Association*, No. 98-3238, 1999 WL 13941, at *1, 1995 U.S. Dist. LEXIS 315, at *4 (E.D. La. 1999); *Bennett v. United Kingdom Mutual Steamship Assurance Association*, No. 98-3237, 1999 WL 13996, at *1 (E.D. La. 1999); *Sherman v. Gulf Pride Marine Services, Inc.,* 192 B.R. 410 (E.D.La.1996); *see also Durheim v. Norton,* 215 B.R. 876, 879–80 (D.Alaska 1997); *In re United States Lines, Inc.,* 128 B.R. 339, 342 (S.D.N.Y.1991); *Kinder v. Wisconsin Barge Line, Inc.,* 69 B.R. 11 (E.D.Mo.1986). In resolving any potential conflict between Jones Act non-removal and arguments for removal based on a bankruptcy, the clear and resounding answer has been that Jones Act non-removal trumps and the case should be remanded.

Defendants here assert nothing new that should cause this Court to depart from the long line of well-reasoned decisions sending cases like Marek Matthews' back to the state court where it was originally filed regardless of a Defendant's bankruptcy.

## CONCLUSION

It is appropriate in this case to sever Plaintiff Matthews' claims and remand them back to Louisiana state court where they were originally filed. Removal of his claims was improper pursuant to the Jones Act as it incorporates FELA.

WHERFORE, Plaintiff prays for an ORDER severing Plaintiff Marek Matthews' claims and remanding them to the Civil District Court for the Parish of Orleans, State of Louisiana.

        Respectfully submitted,

        */s/ S. Reed Morgan*
        S. REED MORGAN
        Texas State Bar No: 14452300
        LBA# 09714
        THE CARLSON LAW FIRM
        100 E. Central Texas Expy
        Killeen, TX 76541
        Telephone: (800) 359-5690
        Facsimile: (254) 526-8204
        E-Mail: rmorgan@carlsonattorneys.com
               rmtrialfirm@gmail.com

        ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on September 21, 2021, I served a copy of the foregoing on the all parties of record via this Court's CM/ECF system.

Michael T. Amy (#35626)
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA 70130
(504) 581-5141
jdevall@deutschkerrigan.com
mamy@deutschkerrigan.com
**AND**
**CLARK HILL PLC**
DAVID E. JAMES
LA Bar No. 27820
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T (409) 351.3800 │ F (409) 351.3883
djames@clarkhill.com

**ATTORNEYS FOR TIDEWATER, INC.**

*Of Counsel:*
**CLARK HILL PLC**
Bijan R. Siahatgar
bsiahatgar@clarkhill.com
Tx. Bar No. 18336200
Misha Paltiyevich
Tx. Bar No. 24095695
mpaltiyevich@clarkhill.com
909 Fannin, Suite 2300
Houston, Texas 77010
and
H. Scott Alexander
LA Bar No. 39080
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702
T (409) 351.3800 │ F (409) 351.3883
hsalexander@clarkhill.com

*/s/ S. Reed Morgan*