UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MAREK MATTHEWS, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-1530** |
| **TIDEWATER CREWING, LTD., ET AL.** | **SECTION: D (4)** |

### ORDER AND REASONS

Before the Court is a Motion to Alter Ruling on Tidewater Inc.'s and Tidewater Crewing, Ltd.'s Motion to Dismiss filed by the Plaintiff Marek Mathews ("Plaintiff").[1] The Defendants, Tidewater Inc. and Tidewater Crewing, Ltd. ("Defendants") have filed a response in opposition to the Motion.[2] After careful review of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

This Court has already extensively detailed the factual background of this case in its Order granting in part Defendants' Motion to Dismiss.[3] Accordingly, the Court only discusses the relevant background of this case as it pertains to the instant Motion.

On February 28, 2023, the Court granted Defendants' Motion to Dismiss, finding that this action should be dismissed on *forum non conveniens* grounds based on the forum-selection clause in Plaintiff's employment contract with the Defendants calling for all disputes to be heard at the High Court of Justice in London.[4] The Court

---

[1] R. Doc. 123.
[2] R. Doc. 124.
[3] *See* R. Doc. 121 at pp. 2–6.
[4] *See id.*

found the forum-selection clause to be both valid and enforceable and also found that the public-interest factors supported dismissing this case pursuant to the *forum non conveniens* doctrine.[5]

Plaintiff timely filed the instant Motion seeking reconsideration of the Court's Order dismissing his case.[6] Plaintiff argues that the Court should reconsider its Judgment and deny the Defendants' Motion to Dismiss because the forum-selection clause in his employment contract is unenforceable.[7] According to Plaintiff, the Court committed legal error because enforcement of forum-selection clauses in maritime employment contracts conflicts with the public policy of the Jones Act and that of the state of Louisiana.[8] Plaintiff also contends that dismissing his claims on *forum non conveniens* grounds is unjust because he is physically incapable of traveling to London to pursue his claims as he receives thrice-weekly medical treatment in Florida.[9] Finally, Plaintiff argues that Louisiana has a stronger connection to the facts of his case than does London, warranting denial of Defendants' Motion.[10]

The Defendants briefly responded to Plaintiff's Motion, primarily arguing that Plaintiff fails to satisfy any of the criteria that courts in this district consider when evaluating a motion for reconsideration of a judgment.[11] Defendants contend that Plaintiff had ample time and opportunity to present the arguments raised in his present Motion before the Court granted Defendants' Motion to Dismiss yet failed to

---

[5] *See id.* at pp. 18–19.
[6] R. Doc. 123.
[7] R. Doc. 123-2 at p. 2.
[8] *Id.* at pp. 9–14.
[9] *Id.* at pp. 14–15.
[10] *Id.* at pp. 15–16.
[11] R. Doc. 124.

do so.[12]  Finally, Defendants object to the letter from Dr. Seymour Frankfurt, Plaintiff's doctor, arguing that the Court should not consider the letter because it is unsworn, lacks foundation, and irrelevant to the issue of forum in this case.[13]

## II.  LEGAL STANDARD

A Rule 59(e) motion to alter or amend a judgment "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[14]  A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e).[15]  The Court is mindful that, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly."[16]  "[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[17]

"A moving party must satisfy at least one of the following four criteria to prevail on a Rule 59(e) motion: (1) the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the movant presents new evidence; (3) the motion is necessary in order to prevent

---

[12] *See id.* at p. 3.
[13] *See id.* at pp. 3–4. Defendants mistakenly refer to Plaintiff's treating physician as Dr. Seymour Franfurt.  Per the letter attached to Plaintiff's Motion, his name appears to be Dr. Seymour Frankfurt.
[14] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).
[15] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994).
[16] *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[17] *Id.* (citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).

manifest injustice; and, (4) the motion is justified by an intervening change in the controlling law."[18]

## III.   ANALYSIS

Before addressing the merits of Plaintiff's various arguments as to why the Court should reconsider its prior Judgment dismissing this suit on *forum non conveniens* grounds, the Court feels obligated to point out that every argument raised in Plaintiff's Motion could have been raised earlier by the Plaintiff in response to Defendants' Motion to Dismiss.  Indeed, as the Court noted in its prior Order, the Court gave the Plaintiff not one, but two additional opportunities to submit any supplemental briefing that he found appropriate to address the arguments raised in the Defendants' Motion to Dismiss.[19]  Plaintiff chose not to file any additional memoranda.  Now, Plaintiff presents a slew of arguments "that could have been offered or raised before the entry of judgment."[20]  Plaintiff's Motion could be summarily denied on that ground alone.[21]  Nevertheless, even if the Court were to consider Plaintiff's untimely arguments, the Court finds that Plaintiff's arguments fail to demonstrate that the forum-selection clause in Plaintiff's employment contract is unenforceable and do not merit the reconsideration of the Court's prior Judgment.

---

[18] *Jupiter v. BellSouth Telecomms., Inc.*, Civ. A. No. 99-0628, 1999 WL 796218, at *1 (E.D. La. Oct. 5, 1999) (Vance, J.)) (internal quotation marks omitted); *accord Castrillo v. American Home Mortg. Servicing, Inc.*, Civ. A. No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) (Vance, J.) (citing authority).
[19] *See* R. Doc. 121 at p. 1 n.4 (citing R. Doc. 66, R. Doc. 100).
[20] *Templet*, 367 F.3d at 479 (citing *Simon*, 891 F.2d at 1159).
[21] *Id.*

### A. There is no Manifest Error of Law to Correct

Plaintiff argues that the Court should reconsider its prior Judgment dismissing this action on *forum non conveniens* grounds because the Court erred in enforcing the forum-selection clause contained in the employment agreements signed by the Plaintiff. The Court construes Plaintiff's argument as contending that the Court made a manifest error of law in its prior Order sufficient to justify relief under Rule 59(e). According to Plaintiff, the Court erred in enforcing the forum-selection clause because (1) choice of forum agreements in maritime contracts are unenforceable in Jones Act cases and (2) forum-selection clauses are unenforceable under Louisiana law.[22] Because neither proposition is correct, the Court finds that it made no manifest error of law and that Plaintiff is not entitled to relief from the Court's Judgment.

### 1. Forum-Selection Clauses are Enforceable in Jones Act Cases.

Plaintiff presents a straightforward syllogistic argument as to why forum-selection clauses are not enforceable in Jones Act cases. First, Plaintiff contends that the Jones Act incorporates the text and the common law of the Federal Employers' Liability Act ("FELA") such that relevant caselaw interpreting FELA applies with equal force to the Jones Act.[23] Next, Plaintiff notes that the Supreme Court, in *Boyd v. Grand Trunk Western Railroad Co.*,[24] held that forum-selection clauses in employment contracts "are void as conflicting with the [Federal Employers'] Liability

---

[22] *See* R. Doc. 123-2 at pp. 9–14.
[23] *See id.* at p. 11.
[24] 338 U.S. 263 (1949).

Act."[25]  Thus, with those two propositions in hand, Plaintiff concludes that forum-selection clauses are unenforceable and void where an employee brings a Jones Act claim.

Plaintiff's syllogism rests on shaky foundations and misconstrues the applicable law. Plaintiff overstates the overlap between the Jones Act and the FELA. Not every provision of the FELA applies to the Jones Act, and vice-versa. Although the Jones Act "provid[es] that a seaman should have the same right of action as would a railroad employee, [that] does not mean that the very words of the FELA must be lifted bodily from their context and applied mechanically to the specific facts of maritime events."[26]  Of note, the venue provisions of the FELA do not apply to the Jones Act. In *Terrebonne v. K-Sea Transportation Corp.*,[27] the Fifth Circuit held that because the Jones Act had, at the time, its own venue provisions, the Jones Act could not be interpreted as incorporating the venue provisions in § 6 of the FELA.[28]  The holding in *Terrebonne* is of particular relevance to Plaintiff's argument here because the Supreme Court's decision in *Boyd* finding forum-selection clauses unenforceable under the FELA was based on its interpretation of the venue provisions in § 6 of the FELA.[29]  That is, *Boyd*'s holding that forum-selection clauses are unenforceable under the FELA centered on a provision of the FELA that is *not* incorporated by the Jones Act. Indeed, as the Fifth Circuit explained in *Terrebonne*, because the venue

---

[25] *Id.* at 265.
[26] *Cox v. Roth*, 348 U.S. 207, 209 (1955).
[27] 477 F.3d 271 (5th Cir. 2007).
[28] *See id.* at 281 ("To begin with, the venue provisions of section 6 of the FELA—which *Boyd* held protected by FELA section 5—do not apply to the Jones Act[.]").
[29] *See id.*; *Boyd*, 338 U.S. at 265.

provisions of the FELA "are inapplicable to Jones Act cases, it necessarily follows that nothing in . . . the FELA is applicable to Jones Act venue[,]" and, consequently, that *Boyd* does not "dictate the result here."[30] *Terrebonne* upheld the validity of arbitration agreements, a subset of forum-selection clauses,[31] in Jones Act cases. Accordingly, numerous courts, including in this district, have rejected the argument that forum-selection clauses are unenforceable in Jones Act cases under the holding in *Boyd*.[32]

That, however, is not the end of the story. In 2008, shortly after the Fifth Circuit decided *Terrebonne*, Congress amended the Jones Act to remove the separate venue provision.[33] At first glance, the removal of the Jones Act-specific venue provision "seems to have pulled the rug out from under the rationale for refusing to incorporate FELA's venue provision into the Jones Act."[34] But the Court finds no reason to believe that by repealing language in one statute, Congress intended to incorporate the provisions of a separate statute. If Congress, by removing the venue provisions in the Jones Act, had meant to incorporate the previously separate and unincorporated venue provisions of the FELA, it could have said so and made itself clear. The Court finds an incorporation-by-repeal approach to be inappropriate.

---

[30] *Terrebonne*, 477 F.3d at 282–83.
[31] *See Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 901 (5th Cir. 2005) (citing *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 519 (1974)).
[32] *See, e.g.*, *Brister v. ACBL River Operations LLC*, No. CV 17-6035, 2018 WL 746390, at *3 n.38 (E.D. La. Feb. 7, 2018) (Morgan, J.) (collecting cases).
[33] *See* National Defense Authorization Act for Fiscal Year 2008, Pub.L. No. 110–181, § 3521, 122 Stat. 3, 596 (2008).
[34] *Utoafili v. Trident Seafoods Corp.*, No. 09-2575 SC, 2009 WL 6465288, at *3 (N.D. Cal. Oct. 19, 2009).

Moreover, the Court concurs with the several courts that have addressed this precise issue and found that the 2008 amendments to the Jones Act did not undermine the body of caselaw finding that the venue provisions of the FELA do not apply to the Jones Act.[35] As one court aptly put it, "if Congress had intended to incorporate the venue provision of FELA and the rights that attached to it, and thereby obliterate *every* forum selection clause for *every* employment contract between a seaman and his or her employer, this Court would expect Congress to offer an indication of this intent."[36] Indeed, the House Report makes clear that the purpose behind the removal of the venue provisions was to eliminate any statutory language that may be construed as inconsistent with prior case law so as to avoid any "substantive change" in the law.[37] As several courts have explained, "[b]y deleting the venue provision, venue under the Jones Act was apparently meant to be read in accordance with [28 U.S.C.] § 1391(c)—just as courts have been reading the Jones Act since [*Pure Oil Co. v. Suarez*, 384 U.S. 202 (1966)]."[38] Because there is no indication that Congress, in removing the venue provisions of the Jones Act, intended for the Jones Act to incorporate the separate venue provisions of the FELA, and, thus, to make forum-selection clauses in employment contracts void and unenforceable in Jones Act cases, the Court finds that *Boyd* has no relevance to Jones Act cases.

---

[35] *See, e.g.*, *Utoafili*, 2009 WL 6465288; *Riley v. Trident Seafoods Corp.*, No. CIV. 11-2500, 2012 WL 245074 (D. Minn. Jan. 9, 2012), *report and recommendation adopted*, No. CIV. 11-2500, 2012 WL 245248 (D. Minn. Jan. 26, 2012); *Brister*, 2018 WL 746390; *Matter of Marquette Transportation Co. Gulf-Inland LLC*, No. 3:18-CV-00074, 2018 WL 4443141 (S.D. Tex. Sept. 4, 2018), *report and recommendation adopted*, No. 3:18-CV-00074, 2018 WL 4408937 (S.D. Tex. Sept. 17, 2018).
[36] *Utoafili*, 2009 WL 6465288, at *5 (emphasis added).
[37] *See* H.R. Rep. 110-437 at p. 5. Courts look to Congressional intent to determine the interaction between the FELA and the Jones Act. *See Cox*, 348 U.S. at 209.
[38] *Utoafili*, 2009 WL 6465288, at *5; *accord Riley*, 2012 WL 245074, at *3.

Plaintiff cites no caselaw supporting his argument that forum-selection clauses are unenforceable in Jones Act cases. While the Court was able to find one case from the Southern District of Texas in which the court held, as Plaintiff urges, that forum-selection clauses are unenforceable in Jones Act cases under the holding in *Boyd*, the Court notes that that case predated the Fifth Circuit's decision in *Terrebonne* and, as pointed out by the court in *Utoafili*, "appears to have been contravened by the Fifth Circuit in *Terrebonne*."[39] Plaintiff does not address any of the amendments to the Jones Act nor does Plaintiff cite to any recent jurisprudence that has decided the question of the effect of the 2008 Jones Act amendments contrary to the cases cited to and relied on by the Court above. Accordingly, the Court finds that forum-selection clauses are enforceable in Jones Act cases and that the Court made no manifest error of law in enforcing the forum-selection clause in Plaintiff's employment agreement. The Court denies relief to Plaintiff on this ground.

### 2. Louisiana Law Does Not Render the Forum-Selection Clause Unenforceable.

Plaintiff next contends that the forum-selection clause in his employment contract is unenforceable because forum-selection clauses in employment contracts are against the public policy of the state of Louisiana.[40] In *The Bremen v. Zapata Off–Shore Co.*,[41] the Supreme Court explained that "[a] contractual choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public

---

[39] *See Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922 (S.D. Tex. 2004); *see also Utoafili*, 2009 WL 6465288, at *3 n.2 (discussing *Boutte* and concluding that *Boutte* "appears to have been contravened" by *Terrebonne*).
[40] *See* R. Doc. 123-2 at pp. 13–14.
[41] 407 U.S. 1 (1972).

policy of the forum in which suit is brought, whether declared by statute or by judicial decision."[42] Both Louisiana statute and judicial decision evince a strong public policy against enforcement of forum-selection clauses in employment contracts.[43] Louisiana Revised Statute 23:921(A)(2) provides that:

> The provisions of every employment contract or agreement, or provisions thereof, by which any foreign or domestic employer . . . includes a choice of forum clause or choice of law clause in an employee's contract of employment or collective bargaining agreement, or attempts to enforce either a choice of forum clause or choice of law clause in any civil or administrative action involving an employee, shall be null and void except where the choice of forum clause or choice of law clause is expressly, knowingly, and voluntarily agreed to and ratified by the employee after the occurrence of the incident which is the subject of the civil or administrative action.[44]

Moreover, in *Sawicki v. K/S Stavanger Prince*, the Louisiana Supreme Court explained that La. R.S. 23:921(A)(2) "is an expression of strong Louisiana public policy concerning forum selection clauses" and consequently held that, pursuant to *The Bremen*, forum-selection clauses in maritime employment contracts could not be enforced in Louisiana state courts.[45] *Sawicki* involved a Polish seaman who brought suit at law under the Jones Act in Louisiana state court against his Jones Act employer.[46] The defendant argued that the action should be dismissed due to a forum-selection clause in the plaintiff's collective bargaining agreement.[47] Siding with the plaintiff-seaman, the Louisiana Supreme Court held that the strong

---

[42] *Id.* at 15 (citing *Boyd*, 338 U.S. 263).
[43] *See Lim*, 404 F.3d at 906.
[44] La. R.S. 23:921(A)(2).
[45] 2001-0528 (La. 12/7/01), 802 So. 2d 598, 603.
[46] *Id.* at 600.
[47] *Id.*

Louisiana public policy against forum-selection clauses in employment contracts precluded the enforcement of the choice-of-forum clause in the plaintiff's collective bargaining agreement.[48]

While Plaintiff argues that forum-selection clauses such as those contained in the work agreements between the Plaintiff and the Defendants are contrary to the public policy of the state of Louisiana, it does not necessarily follow that this Court, a federal court applying federal law, must refuse to enforce an otherwise valid forum-selection clause because of the public policy of the state in which this Court geographically sits. This Court is not sitting in diversity and, thus, state law does not apply to this action.[49] Moreover, the Louisiana Supreme Court, in *Sawicki*, clarified that La. R.S. 23:921(A)(2) is procedural in nature, not substantive;[50] this Court, in diversity cases, applies *federal* procedural law and state substantive law.[51]

But even though Louisiana state law does not directly apply to this action, the Court notes that state law may still be relevant to the enforceability and reasonableness analysis discussed in *The Bremen*. The Supreme Court's instruction in *The Bremen* that a forum-selection clause should not be enforced if its enforcement "would contravene a strong public policy of the forum in which suit is brought"[52] does not specify what the relevant forum is that a court should look to in determining the

---

[48] *Id.* at 606.
[49] *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) ("Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.").
[50] *See Sawicki*, 802 So. 2d at 604.
[51] *See Hanna v. Plumer*, 380 U.S. 460, 465 (1965).
[52] *The Bremen*, 407 U.S. at 15.

relevant public policy.[53] That is, *The Bremen* does not clarify whether a court should look to the public policy of the federal forum or that of the state forum, or both. The Court has found one Fifth Circuit case to address this issue. In *Lim v. Offshore Specialty Fabricators, Inc.*, the court considered whether an arbitration agreement in a maritime employment contract could be enforced in spite of strong Louisiana public policy against forum-selection clauses and arbitration clauses.[54] Noting the statement in *The Bremen* that a choice-of-forum clause may be unenforceable "where enforcement would contravene a strong public policy of the forum in which suit is brought," the court explained that "an underlying issue is which forum—the United States or Louisiana—is relevant for purposes of the test."[55] As the Fifth Circuit noted, "[f]orum is broadly defined as 'a court or other judicial body; a place of jurisdiction'" and, thus, could be construed to encompass either the state or federal forum.[56] Although the court explained that "for obvious reasons, when analyzing the reasonableness of a choice of forum clause in an international contract, courts do not ignore federal law and policy[,]"[57] and further stated that because the plaintiff's federal claims were brought in federal court and because the clauses called for arbitration in a foreign venue, "the relevant forum is arguably the United States,"

---

[53] The Court notes that in the Supreme Court's most recent pronouncement on the validity of forum-selection clauses, *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013), the Court made no reference to *The Bremen*'s instruction that such clauses should not be enforced if contrary to the forum's public policy. Instead, the Court stated that forum-selection clauses should be enforced "[i]n all but the most unusual cases." *Id.* at 66.
[54] 404 F.3d 898 (5th Cir. 2005).
[55] *Id.* at 905.
[56] *Id.* (quoting *Forum*, Black's Law Dictionary (8th ed. 2004)).
[57] *Id.* (citing *Afram Carriers, Inc. v. Moeykens*, 145 F.3d 298, 302–03 (5th Cir. 1998); *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1298–99 (11th Cir. 1998); *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 220 (5th Cir. 2004) (DeMoss, J., dissenting)).

the court ultimately concluded that it "need not decide whether the United States is the relevant forum."[58]  Instead, the court considered both federal *and* Louisiana public policy, finding that the federal policy favoring arbitration outweighed Louisiana's policy espoused in La. R.S. 23:921(A)(2) and in *Sawicki*.[59]  Thus, the only Fifth Circuit precedent on point suggests that a court, in determining the enforceability of a forum-selection clause, should *not* look exclusively to the public policy of the state in which the federal court sits.

Although *Lim* only suggests, but does not conclusively hold, that the relevant forum under *The Bremen* analysis is the United States—at least where federal claims in a federal court regarding an international employment contract with a provision mandating a choice of forum in a foreign country are concerned—the Court finds good reason to believe that, in the instant case, the relevant forum is the United States. The Court notes that in at least three Supreme Court cases addressing the enforceability of forum-selection clauses, the Supreme Court considered federal, not state, public policy in deciding whether enforcement of the choice-of-forum clause was violative of public policy.[60]  Indeed, *Boyd v. Grand Trunk Western Railroad Co.*, the case cited in support of the statement in *The Bremen* that a forum-selection clause "should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought,"[61] is a Supreme Court opinion concerning

---

[58] *Id.*
[59] *Id.* at 905–06.
[60] *See The Bremen*, 407 U.S. at 15–16 (considering the federal public policy announced in *Bisso v. Inland Waterways Corp.*, 349 U.S. 85 (1955)); *Boyd*, 338 U.S. at 265 (considering the policy espoused in section 5 of the FELA); *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595–97 (1991) (considering the policy espoused in 46 U.S.C. § 30527 (previously § 183c)).
[61] *See The Bremen*, 407 U.S. at 15.

*federal* public policy against enforcement of choice-of-forum clauses in employment contracts.⁶² Moreover, it is not lost on the Court how little involvement the state of Louisiana has with this case—neither Plaintiff nor Defendants are citizens of Louisiana and the work performed pursuant to the employment contracts at issue took place overseas in Egyptian waters.

Even if the Court were to consider Louisiana's public policy against enforcement of forum-selection clauses in employment contracts, the Court, following *Lim*, would not look to Louisiana's public policy alone; rather, the Court would weigh that policy against federal policy regarding choice-of-forum clauses in maritime employment contracts. And as the Court explained in its prior Order granting Defendants' motion to dismiss on *forum non conveniens* grounds,⁶³ there is a strong federal public policy in enforcing forum-selection clauses, particularly in maritime employment contracts. In *The Bremen*, the Supreme Court explained that because:

> much uncertainty and possibly great inconvenience to both parties could arise if a suit could be maintained in any jurisdiction in which an accident might occur or if jurisdiction were left to any place where the [parties] might happen to be found . . . [t]he elimination of all such uncertainties by agreeing in advance on a forum acceptable to both parties is an indispensable element in international trade, commerce, and contracting.⁶⁴

Likewise, in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*,⁶⁵ the Supreme Court noted that "[w]hen parties have

---

⁶² *Boyd*, 338 U.S. at 265.
⁶³ *See* R. Doc. 121 at pp. 18–19.
⁶⁴ *The Bremen*, 407 U.S. at 13–14.
⁶⁵ 571 U.S. 49 (2013).

contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations."[66] The Court further specified that "[i]n all but the most unusual cases, therefore, 'the interest of justice' is served by holding parties to their bargain."[67]

The strong federal policy in enforcing forum-selection clauses in international maritime employment contracts becomes especially clear when viewed in the context of this case. The upshot of Plaintiff's argument is that a forum-selection clause in an international employment contract entered into between a lawful permanent resident of Florida and a corporation incorporated in the Cayman Islands with a principal place of business in the Cayman Islands and executed overseas for work to be performed in Egyptian waters is rendered invalid because the Plaintiff brought suit in Louisiana, which disapproves of forum-selection clauses, rather than in a different state where venue would also be proper and whose public policy does not disapprove of such clauses. The Court disagrees that the mere fortuity that a foreign plaintiff brings suit regarding a tort committed overseas in the federal district court of one state rather than another should control whether a choice-of-forum clause located in his employment contract is enforceable or not. The federal policy in favor of enforcing forum-selection clauses in all but the exceptional cases would be thwarted through clever gamesmanship and artful pleading. Because the Plaintiff has provided no caselaw to support such an argument, the Court does not find that it erred in initially

---

[66] *Id.* at 66.
[67] *Id.*; *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy, J., concurring) (stating that a valid forum-selection clause should be "given controlling weight in all but the most exceptional cases").

enforcing the forum-selection clause in Plaintiff's work agreements mandating a forum in London. Whatever import Louisiana public policy, as espoused in La. R.S. 23:921(A)(2) and *Sawicki*, may have on the Court's analysis is insufficient to meet Plaintiff's "heavy burden" in demonstrating that a forum-selection clause is invalid and unenforceable.[68]

### B. Plaintiff Provides No Newly Discovered Evidence Warranting Reconsideration

Plaintiff peppers the Court with a long list of "material facts" that he claims were unknown to him at the time he initially filed his response to Defendants' Motion to Dismiss and which, according to him, support his argument that reconsideration of the Court's judgment is proper.[69] On a Rule 59(e) motion for reconsideration, only newly discovered evidence not available to a party at the time of the initial judgment may be considered by a court.[70] Here, all of the evidence obtained in discovery by the Plaintiff and offered in this Motion could have been presented to the Court before the Court issued its Order and Reasons and Judgment dismissing this action on *forum non conveniens* grounds. While it may be true that Plaintiff was unaware of this evidence at the time he filed his initial response to Defendants' motion, as discussed above, this Court gave the Plaintiff *two* additional opportunities after Plaintiff filed his initial response to file any supplemental briefing that he found appropriate. Plaintiff could have brought any of the alleged "material facts" to the Court's

---

[68] *Lim*, 404 F.3d at 905 ("For obvious reasons, a party opposing, on public policy grounds, enforcement of an international arbitration clause must meet a 'heavy burden of proof.'" (quoting *The Bremen*, 407 U.S. at 17)).
[69] *See* R. Doc. 123-2 at pp. 4–9.
[70] *Templet*, 367 F.3d at 479 (citing *Simon*, 891 F.2d at 1159).

attention long before the filing of the instant Motion but failed to do so. Further, Plaintiff never sought leave to submit any additional evidence that he thought pertinent for the Court's consideration of the Defendants' motion to dismiss.

Regardless, even if the Court were to consider the evidence provided by the Plaintiff in the instant Motion, none of the evidence presented warrants reconsideration of the Court's Judgment. Much of Plaintiff's "new" evidence concerns the connections that the various Defendants (as well as entities not named in this suit) have to the New Orleans area and to Louisiana more broadly.[71] To the extent that Plaintiff suggests that the case should not be dismissed on *forum non conveniens* grounds because of the ties that his case has to the local area, *i.e.*, because the private interest factors point to Louisiana as a proper forum, Plaintiff is incorrect as a matter of law. As the Court explained in detail in its prior Order, in the presence of a valid and enforceable forum-selection clause, a court gives no weight to a plaintiff's choice of forum and does not consider any of the private interest factors.[72] Accordingly, none of the evidence provided by the Plaintiff has any bearing on the enforceability of the forum-selection clause in his employment contract or the propriety of dismissing this action on *forum non conveniens* grounds.

### C. Plaintiff Has Failed to Demonstrate Manifest Injustice

Finally, Plaintiff argues that dismissing his suit in favor of a London forum would be unjust because he is unable to travel to England due to serious health

---

[71] *See* R. Doc. 123-2 at pp. 4–9.
[72] *See* R. Doc. 121 at pp. 13–14 (citing *Atl. Marine*, 571 U.S. at 63–64).

conditions requiring him to receive medical treatment three times per week.[73] Under governing Fifth Circuit and Supreme Court precedent, this Court "will declare forum selection clauses unenforceable only when the remedies available in the chosen forum are so inadequate that enforcement would be fundamentally unfair."[74] Plaintiff has provided no evidence suggesting that the remedies available to him in England are so inadequate as to deprive him of his day in court. On the contrary, the Fifth Circuit has recognized that "England [is] a forum that American courts repeatedly have recognized to be fair and impartial."[75] Moreover, as to Plaintiff's argument that he will be deprived of justice because he is unable to travel to England to pursue his claims, the Fifth Circuit has explained that "with modern conveniences of electronic filing and videoconferencing, '[a] plaintiff may have his 'day in court' without ever setting foot in a courtroom.'"[76] Indeed, in *Calix-Chacon v. Global International Marine, Inc.*, the Circuit rejected a plaintiff's argument that a forum-selection clause should not be enforced because of the plaintiff's physical limitations preventing him from travel.[77] Plaintiff's argument also ignores the reality that maintaining the suit in Louisiana would require travel from Miami, where he is being treated, to Louisiana. The Court is also cognizant that courts, even the High Court of Justice in London, have the ability to allow for remote appearances. While the Court is sympathetic to Plaintiff's health conditions, the Court will not ignore its duties and

---

[73] R. Doc. 123-2 at p. 14.
[74] *Calix-Chacon v. Glob. Int'l Marine, Inc.*, 493 F.3d 507, 515 (5th Cir. 2007) (citing *Carnival Cruise Lines*, 499 U.S. at 595).
[75] *Haynsworth v. The Corp.*, 121 F.3d 956, 967 (5th Cir. 1997) (citations omitted).
[76] *Calix-Chacon*, 493 F.3d at 515 (quoting *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 11 (2d Cir. 1995)).
[77] *Id.*

obligations to enforce the law as stated in binding Fifth Circuit and Supreme Court opinions.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Alter Ruling on Tidewater Inc.'s and Tidewater Crewing, Ltd.'s Motion to Dismiss[78] is **DENIED.**

New Orleans, Louisiana, April 25, 2023.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[78] R. Doc. 123.