UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MAREK MATTHEWS, ET AL.**                    CIVIL ACTION

**VERSUS**                                    NO. 21-1530

**TIDEWATER CREWING, LTD., ET AL.**           SECTION: D (4)

ORDER AND REASONS

Before the Court is a Motion for District Court to Rescind and Remove Its Transfer Order filed by Plaintiff Marek Matthews ("Plaintiff").[1] Defendants Tidewater Crewing, Ltd. and Tidewater, Inc. ("Defendants") oppose the Motion and Plaintiff has filed a Reply.[2] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **DENIES** the Motion.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Over the course of more than thirty years, from December 1982 until December 14, 2016, Plaintiff worked as both a seaman and as a captain for Defendants.[3] Plaintiff signed multiple Working Agreements with Defendants throughout the years for each months-long shift that he worked for Defendants before taking leave.[4] The Agreements call for English law to apply to "[a]ny disputes arising out of or in connection with" the Agreement and also requires the High Court of Justice in London to be the exclusive forum for any dispute.[5]

---

[1] R. Doc. 133.
[2] R. Doc. 138 and R. Doc. 142, respectively.
[3] R. Doc. 17-5 at ¶ 14.
[4] *See* R. Doc. 21-4; R. Doc. 30-2.
[5] R. Doc. 21-4 at ¶ 18; R. Doc. 30-2 at ¶ 19.

1

During his time working for Defendants, Plaintiff alleges that he was exposed to toxic and hazardous chemicals, causing him to sustain kidney damage and prostate and bone cancer.[6] Plaintiff filed suit against Defendants, asserting claims under the Jones Act, as well as under general maritime law, pursuant to the savings to suitors clause, 28 U.S.C. § 1333.[7] Defendant filed a Motion to Dismiss on October 18, 2021, arguing that Plaintiff's claims should be dismissed on the grounds of *forum non conveniens* and that this matter should be transferred to Egypt or London.[8] The Court granted Defendants' Motion, finding that the forum-selection clause in the Agreements was valid and enforceable and that the *forum non conveniens* public-interest factors weighed in favor of dismissal.[9] The Court dismissed this matter without prejudice and ordered Plaintiff to initiate the appropriate proceedings in England within 120 days of the Court's Order and Reasons.[10] The Court issued a Judgment to this effect on February 28, 2023.[11]

On March 28, 2023, Plaintiff timely filed a Motion to Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e).[12] Plaintiff urged the Court to reconsider its Judgment, arguing that the forum-selection clause in the Agreements is unenforceable.[13] Plaintiff argued that the Court committed legal error because enforcement of forum-selection clauses in maritime employment contracts conflicts

---

[6] R. Doc. 17-5 at ¶¶ 14, 21, 25.
[7] *See* R. Doc. 17-5 at p. 2.
[8] R. Doc. 21.
[9] R. Doc. 121. Given its finding, the Court declined to consider Defendants' alternative arguments for dismissal for failure to state a claim. *Id.* at 22.
[10] *Id.* at 23.
[11] R. Doc. 122.
[12] R. Doc. 123-2.
[13] *Id.* at 2.

with the public policy of the Jones Act and that of the state of Louisiana.[14] Plaintiff also contended that dismissing his claims on *forum non conveniens* grounds is unjust because he is physically incapable of traveling to London to pursue his claims as he receives thrice-weekly medical treatment in Florida.[15] Finally, Plaintiff argued that Louisiana has a stronger connection to the facts of his case than does London, warranting denial of Defendants' Motion.[16]

The Court denied Plaintiff's Motion, finding that Plaintiff could have raised all of the aforementioned arguments in opposition to Defendants' Motion to Dismiss.[17] The Court further found that even if Plaintiff's arguments could not have been offered or raised prior to the Judgment, the arguments failed on their merits.[18] Plaintiff appealed the Court's Order and Reasons granting Defendants' Motion to Dismiss, as well as the Order and Reasons denying Plaintiff's Motion to Alter Judgment.[19] On August 8, 2024, the Fifth Circuit issued a mandate affirming both decisions.[20]

On December 5, 2024, Plaintiff filed the instant Motion for District Court to Rescind and Remove Its Transfer Order.[21] In it, Plaintiff asks the Court to rescind its February 28, 2023 Order and Reasons on the bases that the Agreements are invalid and transfer will deny Plaintiff his day in court.[22] The catalyst for Plaintiff's Motion is an August 21, 2024 email from Bijan Sihatagar, counsel for Defendants,

---

[14] *Id.* at 9–14.
[15] *Id.* at 14–15.
[16] *Id.* at 15–16.
[17] R. Doc. 125 at 4.
[18] *Id.*
[19] R. Doc. 126.
[20] R. Doc. 132.
[21] R. Doc. 133-2.
[22] *Id.* at 4-12.

3

which Plaintiff reads as an admission that Plaintiff does not have a viable claim under English law because Tidewater Crewing was not Plaintiff's employer.[23] Plaintiff appears to argue that he would not have signed the Agreement if he knew he would be forced to litigate in a forum in which he did not have viable claims and, thus, the Agreement is invalid because there was no meeting of the minds or good faith and fair dealing.[24] Plaintiff further argues that it would be too unjust to transfer this matter to a forum in which Plaintiff does not have a viable claim.[25] Finally, Plaintiff recycles his previously-raised argument that litigating in London would be a hardship.[26]

In their opposition, Defendants argue that Plaintiff's Motion must be dismissed as untimely.[27] Alternatively, Defendants argue that Plaintiff's Motion fails on the merits because it is simply a rehashing of previously made and rejected arguments.[28] Defendants insist that Plaintiff's only new basis for relief is the August 21, 2024 email which Plaintiff interprets as an admission that Tidewater Crewing is not a proper party to this suit.[29] Defendants reject Plaintiff's reading of this email and argue that Mr. Sihatagar was merely asserting his client's position within the context of a settlement offer that Plaintiff will not prevail on his claims.[30] Finally, Defendants ask that even if Plaintiff's Motion has merit, that the Court deny Plaintiff

---

[23] *Id.* at 3.
[24] *Id.* at 4, 6–7.
[25] *Id.* at 4.
[26] *Id.* at 11.
[27] R. Doc. 138 at 2.
[28] *Id.* at 3–5.
[29] *Id.* at 5.
[30] *Id.*

4

relief due to Plaintiff's failure to initiate proceedings in England within 120 days as required by the Court's February 28, 2023 Order and Reasons.[31]

In his reply, insists his Motion is timely. Plaintiff argues that he could not have raised the instant arguments in earlier filings because he did not know Defendants' position that Plaintiff did not have a claim against Tidewater Crewing in London and/or that Tidewater Crewing was not Plaintiff's employer until August 21, 2024.[32] This newly-discovered "evidence" shows, according to Plaintiff, "an intentional and material misrepresentation[;] Tidewater's scheme was to apply UK law, taking [Plaintiff's] rights. He would never have agreed to this had it been disclosed."[33]

## II.  LEGAL STANDARD

Plaintiff asks the Court to vacate a final judgment. Such relief is contemplated under Federal Rule of Civil Procedure 60(b).[34] That provision provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

---

[31] *Id.* at 5–6.
[32] *Id.* at 2.
[33] *Id.* at 6.
[34] FED. R. CIV. P. 60.

> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.[35]

The decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion.[36]

## III. ANALYSIS

As a threshold matter, the Court must consider whether Plaintiff's Motion is timely. "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."[37] Here, Plaintiff seeks relieve under clauses (b)(1), (b)(3), and (b)(6). The Judgment is dated February 28, 2023, and Plaintiff did not file the instant Motion until December 5, 2024—approximately twenty-one months after the entry of the Judgment.[38] This is well beyond the one-year limit imposed upon motions filed pursuant to clauses (b)(1) and (b)(3).

Plaintiff makes several attempts to side-step this timeliness issue. Plaintiff suggests first that the appeal in this matter interrupted his deadline to file the instant Motion; he cites no legal support for that argument. However, an "appeal does not toll the time for making a Rule 60(b) motion. This is because such motion can be made even though an appeal has been taken and is pending."[39] The only relevant dates for the purpose of assessing the timeliness of Plaintiff's Motion is the

---

[35] Fed. R. Civ. P. 60(b).
[36] *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).
[37] Fed. R. Civ. P. 60(c)(1).
[38] R. Docs. 122 and 133.
[39] *Transit Cas. Co. v. Sec. Tr. Co.*, 441 F.2d 788, 791 (5th Cir. 1971).

date of the Judgment and the date of the Rule 60(b) Motion. Other actions Plaintiff took following the entry of the Judgment are of no consequence for considering the timeliness of the Motion.

Plaintiff further argues that the untimeliness of his Motion is salvaged by Rule 60(d)(3), which provides that "[t]his rule does not limit a court's power to: . . . set aside a judgment for fraud on the court."[40] "Rule 60(d)(3) functions as a savings clause: it allows courts to 'set aside a judgment for fraud on the court' without a strict time bar. The standard for 'fraud on the court' is, as a consequence, demanding."[41] "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute fraud on the court."[42] Unlike fraud under clause (b)(3), fraud under clause (d)(3) "embrace[s] only the species of fraud which does or attempts to . . . defile the court itself or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication."[43]

Even under the most liberal reading, Plaintiff's allegations do not constitute fraud and certainly not of the level required by clause (d)(3). Plaintiff's allegations of fraud are based on an email from Mr. Siahatgar, counsel for Defendants, which reads, in pertinent part:

---

[40] FED. R. CIV. P. 60(d)(3).
[41] *Jackson v. Thaler*, 348 F. App'x 29, 34 (5th Cir. 2009) (quoting *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978)).
[42] *Rozier*, 573 F.2d at 1338.
[43] *Wilson*, 873 F.2d at 872 (quoting *Kerwit Med. Prods., Inc. v. N&H Instruments, Inc.*, 616 F.2d 833, 836 n.8 (5th Cir. 1980)).

> [A]nd as you know from the deposition of the Tidewater Crewing rep, you are suing the wrong defendants. Neither owned, operated, or controlled in any way the vessels [Plaintiff] was on, the customer's cargo that you claim caused [Plaintiff's] injuries, or its use/application from the vessels, and under UK law you no longer have a statute like the *Jones Act* that would make recovery against a staffing company like Tidewater Crewing easier. Now, under UK's maritime law, you are pursuing a claim against the wrong defendants, under less favorable law, for injuries that epidemiology does not link to any of the products that were on the OSV per the customer's demands, and without any evidence of dose.[44]

Plaintiff reads Mr. Siahatgar's email to admit that Defendants defrauded Plaintiff and the Court by continually misrepresenting that Tidewater Crewing was Plaintiff's employer and therefore the proper defendant in this matter even though it was not. In a follow-up email, however, Mr. Siahatgar stated:

> You misunderstood my email. I fully agree that Tidewater Crewing had a contract with [Plaintiff]. That said, we never agreed that Tidewater Crewing was liable to [Plaintiff] under any theory you had pleaded. Nor was Tidewater Inc. ever liable under any theory you had pleaded. My below-email simply restates those views and adds our contention that [Plaintiff] does not have a colorable claim against either entity under applicable English law.[45]

This complete email chain shows that, to the extent Plaintiff read Mr. Siahatgar's email as an admission that Defendants misrepresented Tidewater Crewing's relationship with Plaintiff, Plaintiff is mistaken. The emails between counsel do not show fraud, misrepresentations, or the like. Instead, the email shows Defendants' position within the context of a settlement offer that Plaintiff's claims lack merit, particularly following the change in venue

---

[44] R. Doc. 133-4 at 2.
[45] *Id.* at 1.

which resulted in a change in substantive law. A party's expression of what it perceives to be weakness in its opposing party's case do not constitute fraud.

Moreover, to the extent Plaintiff' argues that Defendants committed fraud by advocating for transfer of this matter to a venue that Defendants consider to be less favorable to Plaintiff's claims, Plaintiff's argument fails. Even if the substantive law of England may be less favorable than the substantive law this Court would have applied, Defendants' advocacy to transfer to a forum with less favorable substantive law is not fraud. At the outset, the Court notes that the substantive law of England is not something Defendants could have hidden from the Court (or from Plaintiff for that matter). The Court's prior consideration of the public interest factors of the local interest in having localized controversies decided at home and the avoidance of unnecessary problems in conflict of laws or in the application of foreign law properly addressed those concerns.

Furthermore, arguments as to the favorability of English law would not have affected this Court's *forum non conveniens* analysis. The Supreme Court has said that "the possibility of a change in substantive law should ordinarily not be given conclusive or even substantial weight in the *forum non conveniens* inquiry."[46] Otherwise,

> [T]he *forum non conveniens* doctrine would become virtually useless. Jurisdiction and venue requirements are often easily met. As a result, many plaintiffs are able to choose from among several forums. Ordinarily, these plaintiffs will select that forum whose choice-of-law rules are most advantageous. Thus, if the possibility of an unfavorable

---
[46] *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 247-49 (1981).

> change in substantive law is given substantial weight in the forum non conveniens inquiry, dismissal would rarely be proper.[47]

To the extent Plaintiff confuses the question of favorable substantive law with whether his rights will be protected in England, this Court has already held that they will. As the Court explained in its Order and Reasons granting Defendants' Motion to Dismiss, "The Fifth Circuit has recognized that 'England is a forum that American courts repeatedly have recognized to be fair and impartial.'"[48] Plaintiff has not pointed to any evidence of fraud on the Court. Plaintiff's newly raised discoveries merely reflect a misreading of an email by defense counsel and of the relevant *forum non conveniens* inquiries. Neither provide a basis for relief under clause (d)(3).[49]

This leaves clause (b)(6)—the final clause under which Plaintiff seeks vacatur of the Court's dismissal of this matter. Clause (b)(6) is not subject to Rule 60's one-year rule and instead must be raised "within a reasonable time."[50] Rule 60(b)(6) is only available, however, if the sought relief "is not premised on of the grounds for relief enumerated in clauses (b)(1) through (b)(5)."[51] Indeed, the Fifth Circuit has said that "relief under subsection (6) is not available to a movant where . . . the relief sought would have been, if not for the Rule's time limits, within the coverage of another of the subsections of the Rule."[52] Plaintiff seeks relief under clause (b)(6)

---

[47] *Id.* at 250.
[48] R. Doc. 121 at 18 (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 967 (5th Cir. 1997)) (internal brackets omitted).
[49] Even if Plaintiff's bases for relief under other Rule 60 clauses were not procedurally barred, the Court would have reached a similar conclusion under its analyses as to those clauses.
[50] FED. R. CIV. P. 60(c)(1).
[51] *Wilson v. Johns-Manville Sales Corp.*, 873 F.2d 869, 872 (5th Cir. 1989) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)).
[52] *Wilson*, 873 F.2d at 872 (internal quotations and citations omitted).

based on Defendants' "misconduct."[53] The cited misconduct is based on the same conduct as Plaintiff's request for relief under other clauses of Rule 60(b); specifically, Defendants' alleged misrepresentations as to the proper defendants for this suit and Plaintiff's chances of prevailing in an English court. And critically, misconduct is a basis for relief under clause (b)(3).[54] The relief Plaintiff seeks under clause (b)(6) is duplicative of the relief he seeks under clauses (b)(3), and therefore, the Court denies Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for District Court to Rescind and Remove Its Transfer Order filed by Plaintiff Marek Matthews is **DENIED**.

New Orleans, Louisiana, March 25, 2025.

**WENDY B. VITTER**
**United States District Judge**

---

[53] R. Doc. 133-2 at 10.
[54] Rule 60(b)(3) provides for relief in the event of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3).